UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES DOUGHERTY,

        Plaintiff,

v.

                                    Case No. 07-12449

COMMISSIONER OF SOCIAL SECURITY,     Honorable Julian Abele Cook, Jr.

        Defendant.

ORDER

On June 7, 2007, the Plaintiff, Charles Dougherty ("Dougherty"), filed a complaint with this Court, seeking to obtain a review of a final decision by the Commissioner of the Social Security Administration. 42 U.S.C. § 405(g). On November 28, 2007, he filed a motion for summary judgment, contending that the decision by the Commissioner to reject his application for disability benefits was not supported by a substantial amount of evidence in the record. One month later, a similar dispositive motion was filed by the Commissioner.

On April 30, 2008, Magistrate Judge Steven D. Pepe submitted a report in which he recommended that the Court (1) deny Dougherty's motion for summary judgment, and (2) grant the Commissioner's request for relief. As of the date of this order, neither party has filed an objection to Magistrate Judge Pepe's report. For the reasons that have been stated below, the Court adopts the magistrate judge's report, as well as his recommendation, in full.

1

I.

Dougherty filed an application for Social Security Disability Insurance Benefits on January 16, 2003, claiming that he suffered from a disability to the pain in his lower back which had been caused by a degenerative disc disease and a tumor on his cervical spine. His application was denied on June 10, 2003. Acting upon Dougherty's request, a hearing was scheduled to be conducted by an administrative law judge on July 25, 2005. When Dougherty failed to appear for this hearing, his case was dismissed. However, the Appeals Council vacated the order of dismissal and remanded the case to the administrative law judge for further proceedings. At the conclusion of a hearing on August 15, 2006, the administrative law judge reaffirmed the earlier dismissal after determining that Dougherty's physical conditions did not prevent him from performing a limited range of light work. Dougherty's request for a review by the Appeals Council was rejected. His appeal to this Court followed.

II.

Dougherty suffered an injury to his back while working as a production assembler in 1974. This injury resulted in the formation of a degenerative disc disease which caused him to work sporadically until 1990. According to him, his back and leg caused him to suffer an extreme amount of pain which was somewhat relieved by prescribed medication. However, Dougherty asserts that this medication, although helpful at times, produced fatigue. Moreover, it is his belief that he felt better whenever his feet were elevated, and he was able to (1) take two daily naps of approximately forty to sixty minutes in duration, (2) sit, stand, and walk for about fifteen to twenty minutes, and (3) climb stairs with the assistance of a handrail. Moreover, Dougherty submits that he continues to have difficulty when attempting to push, pull, and bend at the waist.

In his application, Dougherty contends that he was disabled between November 28, 1991 and March 31, 1996, a period in which he was treated by several physicians and a chiropractor. However, the only evidence that ostensibly supports his claims of disability comes from a period which precedes the 1991 onset date. An examination of Dougherty's medical evidence between 1991 and 1996 reveals (1) descriptions of "mild" or "moderate" pain and (2) opinions from health personnel that he was able to walk normally and "touch the floor with his fingertips."

On the basis of the existing record, coupled with the testimony of a vocational expert,[1] the administrative law judge concluded that Dougherty could work in a job with the following limitations: "sedentary work with a sit/stand option at will, no repetitive bending, twisting or turning, no repetitive pushing, pulling, stripping or grasping with the right extremity, no air or vibrating tools, no overhead work, no prolonged or repetitive rotation, flexion or extension of the neck." In addition, the administrative law judge, citing to clinging doubts about some of the discrepancies between the objective medical evidence and the sworn testimony by Dougherty during the hearing relating to such matters as (1) his daily activities, (2) the location, duration, frequency, and intensity of the claimed pain, and (3) his use of medications and other forms of treatment used to relieve pain, expressed genuine doubts about this applicant's credibility.

III.

Final decisions of the Social Security Administration are subject to review by this Court to

---

[1] The vocational expert also opined that jobs in Michigan's lower peninsula exist at an "incidence" of 300. "Incidence" is a statistical term which refers to a ratio that represents the number of people who qualify for a job category and the number of existing employment opportunities in that category. As an example, an "incidence" of 300 indicates that there are 1,400 order clerk jobs, 2,000 inspector jobs, and 1,500 information clerk jobs in Michigan's lower peninsula.

ensure that they (1) are supported by substantial evidence and (2) were resolved by using the proper legal standards. 42 U.S.C. § 405(g). The term, *substantial evidence*, was defined in 1981 by the Sixth Circuit Court of Appeals, as "more than a mere scintilla." *Kirk v. Sec'y*, 667 F. 2d 524, 535 (6th Cir. 1981). The *Kirk* court also described this term as such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* A reviewing court may not reverse the Commissioner's findings "merely because substantial evidence would have supported an opposite decision." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This Court will not attempt to try the case *de novo*, resolve existing conflicts in the evidence, or decide issues relating to the credibility of the witnesses. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

IV.

In his motion for summary judgment, Dougherty argues that the administrative law judge (1) improperly assessed the credibility of his testimony relating to the effects, symptoms, and limitations of degenerative disc disease; (2) did not properly consider the professional opinion of the treating chiropractor; (3) failed to pose an accurate hypothetical question to the vocational expert; and (4) rendered a decision that was not supported by substantial evidence.

When making a determination regarding issues of credibility, an administrative law judge is not required to accept the claimant's statements as it pertains to allegations of disabling pain if the testimony is not supported by the record. *Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). Magistrate Judge Pepe found that the administrative law judge had (1) clearly outlined the bases for his credibility assessment and (2) grounded his report on the substantial evidence which he found in the objective medical evidence in the record (e.g., (a)

4

statements about Dougherty's daily activities, (b) the location, duration, frequency, and intensity of the claimed pain, (c) the factors which precipitated and aggravated the pain, and (d) the use of medication and other measures which were used to relieve the pain.

Although an administrative law judge may consider a medical opinion from a treating chiropractor, the amount of weight to be given any such evidence is within the discretion of this judicial officer. 20 C.F.R. § 404.1513(d)(1); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997). Thus, this Court finds that the manner in which the administrative law judge considered Dougherty's chiropractic history was acceptable.

In order for an answer to a hypothetical question by a vocational expert to be considered by this Court, it must "accurately portray[] [the plaintiff's] individual physical and mental impairments." *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). Under these circumstances, the administrative law judge may pose such hypothetical questions which, in his discretion, include only those limitations that are found to be credible. *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993). Here, the challenged hypothetical question was sufficiently within the scope of the administrative law judge's discretion to warrant a rejection of Dougherty's argument on this issue. Therefore, the answer to the hypothetical question by the vocational expert qualifies as substantial evidence that jobs which Dougherty can perform exist in the national economy.

In summary, the Court concludes that the decision by the administrative law judge was supported by substantial evidence in the official record which included (1) Dougherty's medical records, (2) his testimony as to pain and activities of limitation, and (3) the answers by the vocational expert to the questions from the administrative law judge. Finally, when there is

substantial evidence which supports the determination by an administrative law judge, this Court does not possess the authority to overturn such a challenge that has been advanced by Dougherty in this case. *Mullen,* 800 F.2d at 545.

V.

For the reasons that have been stated above, and after a careful review of the record in this cause, the Court adopts the report of Magistrate Judge Pepe in full. Thus, the Commissioner's motion for summary judgment is granted and Dougherty's motion for summary judgment is denied.

IT IS SO ORDERED.

Dated: September 23, 2008          s/ Julian Abele Cook, Jr.
       Detroit, Michigan           JULIAN ABELE COOK, JR.
                                   United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 23, 2008.

                                   s/ Kay Alford
                                   Case Manager